GREENE, Judge,
with whom HOLDAWAY, Judge, joins, dissenting:
I join Judge Holdaway’s dissent. It provides a clear view of the landscape of this case and offers a well-stated observation concerning the general posture of Equal Access to Justice Act (EAJA) applications filed with this Court. I write separately to stress my disagreement with the majority’s reliance on the failure of the Board to provide an adequate statement of reasons or bases for not addressing VA regulation 38 C.F.R. § 21.3032(b)(3) (1998).
The majority opinion asserts that the Secretary was not substantially justified in this case because the Board’s 1998 decision lacked an adequate statement of reasons or bases. It concluded that the Board should have discussed the potential impact of VA regulation 38 C.F.R. § 21.3032(b)(3) on extending for good cause Mr. Cullens’ late filing of enrollment certificates to perfect his claims for educational assistance. However, in my view, the settlement agreement in this case eliminated this issue, if it indeed ever existed.
In this case, the settlement agreement manifests the parties’ intent that Mr. Cul-lens would be awarded benefits based upon a change in the law. Pursuant to that settlement agreement, the appeal filed to this Court, and the attending issues arising from the 1998 Board decision were dismissed with prejudice. With that disposition, there should not have been any further areas of controversy requiring litigation. Indeed, in my view, by agreeing to the terms of the settlement, Mr. Cullens waived any arguments of error in the Board decision. Further, the alleged error concerning the application of Section 21.3032(b)(3) was raised in an unfiled motion with the Secretary and only became part of the record as a document filed with the EAJA application. Although the majority notes that the Secretary was aware that Mr. Cullens raised this as a potential Board error, I agree with Judge Holdaway that whether or not the appellant would have been entitled to benefits but for the change in the law is irrelevant. Thus, whether the Board addressed the section 21.3032(b)(3) good cause exception or the Secretary raised this created issue in addressing substantial justification likewise is irrelevant. Nevertheless, the majority has stretched to reach a result that does not comport with the factual basis of the case or recognize all of the provisions of the regulation involved. Section 21.3032(b)(3) requires the claimant to file a request for an extension to file matters to complete a claim, and in that request to show good cause “as to why the required action could not have been taken during the original time period and could not have been taken sooner than it was.” Mr. Cul-lens did not file an extension request and even if he had, any denial is a separate appealable issue under that regulation. Therefore, I cannot join in the position that EAJA fees should be awarded in this case.